TORBERT, Chief Justice
(dissenting).
I dissent because I believe that the legal experience necessary to qualify for the supplemental allowance under Act No. 582, 1976 Acts of Alabama, is legal experience acquired after graduation from law school and admission to the state bar.
To qualify for the allowance, one must have been “engaged in the active practice of law or in any other position in which legal knowledge was customarily and primarily used” for a specific period of time. To be engaged in the active practice of law, one must be “regularly licensed,” Code 1975, § 34-3-6(a), i.e., one must be qualified to practice and have paid the appropriate license fee. However, the legislature has recognized that one can be qualified to practice and yet not be engaged in the active practice of law, Code 1975, § 34-3-17, § 34-3-18, by allowing those not so engaged to be members of the bar under a special membership. The point is, that the legislature was aware that not everyone who has qualified to practice law is engaged in the active practice of law.
In fact, a sitting district judge can not practice law. Code 1975, § 34-3-11. If the legislature had said that only those “engaged in the active practice of law” for a specific period of time qualified for the supplemental allowance, a district judge with ten years’ experience on the bench and no previous experience in active practice would not be entitled to the allowance, yet a newly elected district judge with five years’ experience in active practice would be so entitled. By adding the alternative requirement of being in a position where legal knowledge is “customarily and primarily used,” the legislature made the time *236 district judges sat on the bench count toward meeting the time requirement.
In addition, if the legislature had actually wanted the general words in question to have their full natural meaning, then there would have been no need to have the alternative specific words “engaged in the active practice of law.” Surely there can be no argument that one “engaged in the active practice of law” is also in a “position in which legal knowledge was customarily and primarily used.” The maxim ejusdum generis should apply so that the general words are construed to embrace circumstances similar in nature to those circumstances enumerated by the preceding specific words. “If the general words are given their full and natural meaning, they would include [situations] designated by the specific words, making the latter superfluous.” 2A N. Singer, Sutherland Statutory Construction, § 47.17 (Sands 4th ed.).
In conclusion, I believe the legislature intended for the necessary legal experience to be that acquired after one has qualified to practice law, i.e., after one has been admitted to the state bar.
SHORES, J., concurs.